**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **SEBASTIAN B. MORABITO,** | ) | **Case No. 4:07 CV 3373** |
| | ) | |
| Petitioner, | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **J. T. SHARTLE, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

On October 30, 2007, Petitioner Sebastian Morabito, who is incarcerated at the Federal Corrections Institution in Elkton, Ohio ("FCI Elkton"), filed a Petition under 28 U.S.C. § 2241 asking the Court to determine his eligibility for immediate placement in a Residential Reentry Center ("RRC"). **ECF No. 1** ("Petition"). On January 31, 2007, Morabito was sentenced to a 24-month prison term for Conspiracy to Bribe a Public Official. *Id*. at 2. Due to "good conduct time," he has a projected release date of November 26, 2008. *Id*. Morabito, who has been awarded a 62-day RRC placement, challenges the Bureau of Prisons ("BOP") regulation that limits consideration of RRC placement to the lesser of ten percent of his sentence or six months. *Id*. Morabito argues that he is entitled to serve the last six months of his sentence, beginning May 26, 2008, in a less-restrictive RRC, and that his continued incarceration at FCI Elkton after that date would be improper and contrary to the policy of Congress. *Id*.

Morabito asserts that the Warden recently denied his Request for Administrative Relief in a document stating:

> A review of file material indicates that you were sentenced to a 24-month term of incarceration. Based on this information, [the] staff believe a 62 day R.R.C. placement is appropriate, and will provide you with adequate time to assist with your transition back to the community.

*Petition*, Ex. C. Morabito has filed an administrative appeal of that ruling. However, he claims that further attempts to obtain the requested administrative relief would frustrate his ability to receive the timely relief to which he is entitled. *Petition*, at 3. The Court interprets this to mean that the Court should excuse his failure to exhaust his administrative remedies.

The Warden filed a motion to dismiss. He argues that the Court should deny the Petition for failure to exhaust administrative remedies. *See ECF No. 11* at 1-7. The Warden also contends that the Court should deny the Petition on the merits for failure to state a claim because Morabito does not have a constitutional or statutory right to six-month placement in an RRC prior to his release. *See id.*

In a response brief, Morabito clarified his position. *ECF No. 12.* He argues that the Warden violated 18 U.S.C. § 3621 when the Unit Team appeared to consider only one of the five requisite statutory factors set forth therein (i.e., the length of his prison term). *See ECF No. 12*, at 1, 4. Section 3621 requires the BOP, in designating prisoner placement, to consider the resources of the facility contemplated, the nature and circumstances of the prisoner's offense, the history and characteristics of the prison, any statement by the sentencing court concerning the purposes for which the sentence was determined to be warranted or its recommendation of a type of correctional facility, and any pertinent Sentencing Commission policy statements.

On March 21, 2008, the Warden filed a reply brief advising the Court that the Petition is now moot. *ECF No. 13*. Attached to the reply brief is the declaration of Alex Fekete, Morabito's Unit Manager, who declares that he has recently completed Morabito's institutional referral request for RRC placement. *Id.*, Doc. 3. He declares, in pertinent part:

> 4. In assessing the appropriate amount of RRC placement, I considered Morabito's current offense, his criminal history and any recommendations of the sentencing court as reflected in its judgment. I also considered the resources of FCI Elkton and potential RRC placements in the Cincinnati area to house Morabito and other prisoners.
>
> 5. Upon consideration of these factors provided in 18 U.S.C. § 3621(b) and applicable Bureau of Prisons regulation, I concluded that the recommendation of an RRC assignment of 62 days is appropriate. Of particular note in reaching this conclusion is that Mr. Morabito will return to a previously established residence and is returning to his prior employment. I also noted that Mr. Morabito was convicted of a non-violent, white-collar offense, in which he has satisfied all fines and restitution associated with the conviction. Additionally, he has adjusted well while incarcerated at FCI Elkton and does not have any substance abuse history nor any physical or mental health issues.
>
> 6. Following this consideration, an Institutional Referral for CCC Placement form was completed by the Unit Team and signed by the Acting Warden on or about March 19, 2008.

*Id*. at 2.

Having reviewed the record, the Court concludes that it must deny the Petition. The Unit Manager has just completed his assessment of Morabito's pre-release placement assessment employing all the factors set forth in § 3621 – which moots his latest argument that the Unit Manager did not consider all the requisite statutory factors. This Court cannot pass judgment on the Unit Manager's determination until after Morabito exhausts his administrative remedies (first, in a complaint to the Warden, then an appeal to the Regional Director followed by an appeal to the General Counsel). Even if Morabito could show that the exhaustion of

administrative remedies was futile, he would be unable to show that he deserves the requested relief (i.e., placement in an RRC on May 26, 2008). There is not one case in the Sixth Circuit even suggesting that he has either a constitutional or statutory right to spend the last six months of his prison sentence in an RRC.

Accordingly, because Morabito has failed to exhaust his administrative remedies, the Petition is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     March 28, 2008*
**Dan Aaron Polster**
**United States District Judge**